UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAMIAN VASQUEZ, on behalf of himself, individually, and on behalf of all others similarly-situated, <br><br> Plaintiff, <br><br> -against- <br><br> PINE MANAGEMENT, INC., and TOM ROHLMAN, an individual, and DANIEL ROHLMAN, an individual, and JASON ROHLMAN, an individual, <br><br> Defendants. | **COMPLAINT** <br><br> **Docket No.:** <br><br> Jury Trial Demanded |

DAMIAN VASQUEZ ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PINE MANAGEMENT, INC. ("Pine Management"), TOM ROHLMAN, individually, DANIEL ROHLMAN, individually, and JASON ROHLMAN, individually, (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

### NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); and (ii) any other claim(s) that can be inferred from the facts set forth herein.

1

2. Plaintiff worked for the Defendants—a real estate firm, its chief executive officer, and its vice-presidents—as a maintenance worker, porter, and superintendent, from November 2009 through August 12, 2015. As described below, the Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA. Specifically, during the entirety of his employment, but as is relevant herein, during the three-year period pre-dating the commencement of this action, the Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours each week, but Defendants failed to compensate him at the statutorily-required rate of time and one-half his regular rate of pay for any hours that he worked in excess of forty, and instead paid him straight-time for some of those overtime hours worked and nothing at all for many others.

3. The Defendants paid and treated all of their maintenance workers, porters, and/or superintendents in the same manner, denying them overtime wages pursuant to the FLSA.

4. Plaintiff therefore brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.

6. Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

7. At all relevant times herein, Plaintiff worked for Defendants in the state of New York and was an "employee" entitled to protection as defined by the FLSA.

8. At all relevant times herein, Defendant Pine Management was and is a New York corporation operating as a real estate firm, with its principal place of business located at 78 Manhattan Avenue, New York, New York 10025.

9. At all relevant times herein, Defendant Tom Rohlman was and is the chief executive officer of Defendant Pine Management, while his sons, Defendants Daniel Rohlman and Jason Rohlman, were and are the vice-presidents of Defendant Pine Management.

10. At all relevant times herein, Tom Rohlman, Daniel Rohlman, and Jason Rohlman all personally managed and oversaw and continue to manage and oversee the day-to-day operations of Defendant Pine Management, and they were and are collectively responsible for the hiring and firing of Pine Management's employees, and were and are ultimately responsible for all matters with respect to determining employees' rates and methods of pay and their hours worked.

11. At all relevant times herein, all Defendants were and are "employers" within the meaning of the FLSA. Additionally, Pine Management's qualifying annual business exceeded and exceeds $500,000, and Pine Management was and is engaged in interstate commerce within the meaning of the FLSA as it, on a daily basis, purchased products and utilized goods, such as tools, building materials, and cleaning supplies that travel across state lines. This subjects Defendants to the overtime requirements of the FLSA as an enterprise.

**COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29

U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former maintenance workers and/or superintendents and/or porters and/or painters and/or handymen of Pine Management who, during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them (the "FLSA Plaintiffs").

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose, and choose, not to do so.

15. Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Defendant Pine Management is a New York-based real estate firm that acquires, develops, and manages apartment buildings throughout Manhattan and Brooklyn.

17. In November 2009, Defendant Tom Rohlman, on behalf of Pine Management, hired Plaintiff to work for Defendants as a maintenance worker, porter, and superintendent. Plaintiff worked for Defendants in that capacity until his employment ended on August 12, 2015.

18. At all times during Plaintiff's employment with the Defendants, Pine Management's vice-presidents, brothers Daniel and Jason Rohlman, oversaw and controlled Plaintiff's work assignments, work hours, and the calculation and payment of his wages.

19. During the entire period of Plaintiff's employment, the Defendants required Plaintiff to reside, and Plaintiff did reside, in Defendants' building located at 211 West 80th Street, Apt. 1-C, New York, New York. Plaintiff performed work for the Defendants in that building, as well as in Defendants' buildings located at 205, 207 and 209 West 80th Street, New York, New York.

19. Plaintiff's duties as a maintenance worker consisted of plastering, painting, garbage removal, cleaning windows, mopping, sweeping, and repairing apartment units and common areas within Defendants' buildings.

20. During the calendar years 2013-2015, up until and including August 12, 2015, the Defendants required Plaintiff to perform his regular maintenance work duties five days per week, Monday through Friday, from 8:00 a.m. until 4:30 p.m., without being permitted a scheduled or uninterrupted break each day, totaling 42.5 hours per week.

21. Then, after Plaintiff's regular weekday shift ended at 4:30 p.m., Defendants required Plaintiff to spend additional hours working as a porter and superintendent at four buildings that Defendants owned as listed above (i.e., 205, 207, 209 and 211 West 80th Street, New York, New York), which work entailed cleaning, mopping, trash removal, and maintaining and repairing the premises, fixtures and other items.

22. Additionally, on the weekends, Defendants required Plaintiff to spend additional hours working as a porter and superintendent at the four buildings.

23. In total, in addition to his 42.5 hours per week spent as a maintenance worker, Plaintiff worked between 19.25 hours and twenty-five hours per week in his role as a porter and superintendent.

24. Thus, throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work, a total of at least 61.75 hours per week and sometimes as many as 67.5 hours per week.

25. During at least the three-year period pre-dating the commencement of this action up until his last day of work, Defendants paid Plaintiff an hourly rate, for all hours that he spent fulfilling his maintenance worker responsibilities as follows: $15.00 per hour through December 2014; and $16.00 per hour from January 2015 through the end of his employment on August 12, 2015. During that same time period, Defendants paid Plaintiff an additional $300 per week to cover his superintendent/porter responsibilities, which at his hourly rate of $16, operated to cover 18.75 hours of that work per week.

26. Throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff for any hours that he worked per week in excess of forty at the rate of time and one-half his regular rate. Specifically, for the 2.5 hours per week in excess of forty that Plaintiff spent performing maintenance work and for the first 18.75 hours per week that Plaintiff spent on his superintendent/porter duties, Defendants paid Plaintiff at only his straight-time rate of $16 per hours. For all hours that Plaintiff worked in addition to that Defendants paid Plaintiff nothing.

27. By way of example only, during the workweek of January 26 through February 2, 2015, Plaintiff worked the following regular schedule as a maintenance worker:

> Monday, January 26, 2015: 8:00 a.m. until 4:30 p.m.
>
> Tuesday, January 27, 2015: 8:00 a.m. until 4:30 p.m.
>
> Wednesday, January 28, 2015: 8:00 a.m. until 4:30 p.m.
>
> Thursday, January 29, 2015: 8:00 a.m. until 4:30 p.m.
>
> Friday, January 30, 2015: 8:00 a.m. until 4:30 p.m.
>
> Saturday, January 31, 2015: off
>
> Sunday, February 2, 2015: off

Plaintiff also, during that same week, worked a total of 19.25 hours performing his porter and superintendent duties, which consisted of 2.25 hours of work on each weekday and four hours of work on each weekend day. Thus, adding up the hours for this representative workweek, Plaintiff worked 61.75 hours for the week. During this week, Defendant paid Plaintiff at the rate of $16.00 per hour for 61.25 hours worked and nothing for .5 hours of work, and thus not at the rate of time and one-half his straight-time rate, or $24 per hour, for all hours that Plaintiff worked in excess of forty.

28. Defendants employed several FLSA Plaintiffs at their various buildings throughout Manhattan and Brooklyn, and treated Plaintiff and all FLSA Plaintiffs in the manner described herein.

29. Defendants acted in the manner described herein so as to maximize their profits while minimizing their labor costs and overhead.

30. Each hour that Plaintiff worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime under the FLSA*

31. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

33. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

34. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

35. Defendants willfully violated the FLSA.

36. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

37. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

## DEMAND FOR A JURY TRIAL

38. Pursuant to FRCP 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Awarding all damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any shortfall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

f. Awarding Plaintiff and FLSA Plaintiffs liquidated damages and any other statutory penalties as recoverable under the FLSA;

g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in

  h.  connection with this action, including reasonable attorneys' fees and an award of a service payment to Plaintiff;

  i.  Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  j.  Post-judgment interest, as provided by law; and

  k.  Granting Plaintiff and FLSA Plaintiffs other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
    December 15, 2016

              Respectfully submitted,

              BORRELLI & ASSOCIATES, P.L.L.C.
              *Attorneys for Plaintiff*
              1010 Northern Boulevard, Suite 328
              Great Neck, New York 11021
              Ph: (516) 248-5550
              Fax: (516) 248-6027

           By:  /s/_____
              SHAUN M. MALONE (SM1543)
              ALEXANDER T. COLEMAN (AC 1717)
              MICHAEL J. BORRELLI (MB 8533)